## S11Y1433. IN THE MATTER OF JAMES B. JOHNSON, JR.

(720 SE2d 637)

PER CURIAM.

This matter is before the Court on the Notice of Discipline filed by the State Bar against Respondent James B. Johnson, Jr. (State Bar No. 394420) charging him with violating Rules 1.4, 1.15 (I) and (II), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar is seeking Johnson's disbarment, which is the maximum punishment for a single violation of Rule 1.15 (I) or (II). Johnson acknowledged service of the Notice of Discipline in June 2011, but did not file a Notice of Rejection. Accordingly, he is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b).

By virtue of his default Johnson admits that between 1998 and 2009, an Alabama attorney referred multiple collection cases from 19 different clients to him for representation in Georgia. In January 2009, the Alabama attorney sent him a letter for each of the cases Johnson was handling. Those letters advised that the Alabama attorney was, on his clients' behalf, transferring each of those cases to new Georgia counsel and demanded that Johnson forward particular information about each case and then close the files. Johnson failed to respond to 113 of those letters and failed to communicate regarding the status of the various cases. Johnson collected funds in garnishment actions which he failed to deliver to his clients. Johnson failed to account for money he received in a fiduciary capacity and commingled his clients' funds with his own funds. Despite being personally served with the Notice of Investigation, he failed to respond in accordance with Bar Rules. See Bar Rule 4-204.3.

The State Bar contends that Johnson has violated Rules 1.4, 1.15 (I) and (II) and 9.3 and that disbarment is the appropriate sanction, noting in mitigation that Johnson has no prior disciplinary history, but asserting in aggravation that he acted with a dishonest and selfish motive; that he acted wilfully and dishonestly in converting client funds to his own use; and that he has substantial experience in the practice of law, having joined the State Bar of Georgia in 1986. Although not argued by the State Bar, we further note that the

Notice of Discipline appears to set out multiple offenses and reveals a pattern of misconduct by Johnson, at least with regard to his dealings with the clients referred by this particular Alabama attorney.

Based on our review of the record, we conclude that disbarment is the appropriate sanction. Accordingly, the name James B. Johnson, Jr., hereby is stricken from the roll of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.